IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA ANN DAVIS, #36240-177, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1397-N |
| | ) | |
| UNITED STATES, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action brought by a federal inmate.

Parties: Plaintiff is confined at Federal Medical Center (FMC) Carswell in Fort Worth, Texas. Defendants are the United States, the United States Marshal Service, the Mansfield Law Enforcement Center, and Marshal Spigelmyer. The court did not issue process in this case pending preliminary screening. On September 11, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed her answers thereto on October 14, 2008.

Statement of Case: Plaintiff's complaint, supplemented by the answers to the magistrate judge's questionnaire, seeks monetary damages for a slip and fall injury sustained while exiting a transport van in full restraints on July 2, 2007. (Complaint at 1). Plaintiff's leg shackles allegedly became caught in the bottom step of the transport van, causing Plaintiff to fall forward and land on her side on the pavement at the Mansfield Law Enforcement Center. (*Id.*).

According to Plaintiff, she was transported to Mansfield Methodist Hospital, where she was diagnosed with a torn meniscus, dislocated hip, and fractured wrist. (*Id.*). Plaintiff continues to suffer from pain and is unable to walk straight. (*Id.* at 1-2). She seeks monetary relief under the Federal Tort Claims Act (FTCA). (*See* Answer to Question 1).

In answer to the magistrate judge's questionnaire, Plaintiff states that she is suing Marshal Spigelmyer under *Bivens*[1] for alleged constitutional violations. (*See* Answer to Question 3).

Findings and Conclusions: The court must first examine the threshold question of whether it has subject matter jurisdiction over Plaintiff's FTCA claim. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988).

Plaintiff seeks to bring this suit under the FTCA. The proper defendant in a case brought under the FTCA is the United States of America, not the responsible agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); 28 U.S.C. § 2674. Therefore, any claim against the United States Marshal Service is subject to dismissal for want of jurisdiction.

As a jurisdictional prerequisite, the FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a).

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971)

In *McNeil v. United States*, 508 U.S. 106, 112, 113 S. Ct. 1980, 1984 (1993), the Supreme Court held that failure to completely exhaust administrative remedies *prior* to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). In short, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *id.* (citing *McNeil,* 508 U.S. at 106, 113 S.Ct. at 1983), and a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress. *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001).

In this case, the complaint and answers to the questionnaire confirm that Plaintiff failed to comply with the jurisdictional prerequisite of filing an administrative claim with the BOP and either obtaining a written denial or waiting six months *prior to* filing her complaint. Attached to the complaint is a form styled "Claim for Damage, Injury or Death," which Plaintiff submitted on June 26, 2008, approximately one and one-half month before she filed the complaint in this case. (*See* Attachment to the Complaint). On August 22, 2008, after filing the complaint in this case, the South Central Regional Office of the Bureau of Prisons (BOP) "responded with a TRT-SCR 2008-05942 number." (Answer to Question 2). Apart from the above communication, Plaintiff has yet to receive a response from the BOP or any other federal agency. (*Id.*). Accordingly, Plaintiff's FTCA claims should be dismissed for want of jurisdiction.[2]

---

[2] Insofar as Plaintiff seeks to bring a negligence claim under the FTCA against Marshal Spigelmyer, individually, her claim would fare no better. It has long been recognized that federal employees are immune from tort liability for acts committed in the performance of

The court addresses next Plaintiff's *Bivens* claim against the individual Defendant, Marshal Spigelmyer.[3]

Since the court granted Plaintiff leave to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. §§ 1915A(a) and (b), and 1915(e)(2)(B). Those sections provide for *sua sponte* dismissal if the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007).

---

their official duties. *See Chafin v. Pratt,* 358 F.2d 349, 352-53 (5th Cir. 1966). The FTCA expressly reserved this immunity for federal employees who were acting within the scope of their employment at the time of the acts giving rise to the claim. *See* 28 U.S.C. § 2679(b)(1); *see also Harris v. United States,* 340 F.Supp.2d 764, 770 (S.D. Tex. 2004) ("Title 28 U.S.C. § 2679(b) provides absolute immunity to any federal employee acting within the *'scope of his office or employment.'*") (emphasis in original) (citations omitted)). Section 2679 provides that the remedy for injuries caused by the negligent or wrongful acts or omissions "of any employee of the Government while acting within the scope of his office or employment" lies solely against the United States. 28 U.S.C. § 2679(b)(1). In other words, the FTCA does not allow suit against a federal employee individually for negligent acts that occurred within the scope of employment. *See id.* In this connection, the Fifth Circuit has held that an FTCA claim against federal employees, individually, must be dismissed for want of jurisdiction. *See Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir. 1988); *see also Atorie Air, Inc. v. Federal Aviation Admin.,* 942 F.2d 954, 957 (5th Cir. 1991) (holding that the district court properly dismissed all defendants other than the United States for lack of subject matter jurisdiction).

[3] Insofar as Plaintiff seeks to sue the United States Marshal Service under *Bivens*, the court would lack jurisdiction over her claim. It is well established that a federal agency is immune from an action predicated on *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86, 114 S.Ct. 996, 1005-06 (1994) (holding that "[s]overeign immunity is jurisdictional in nature", and that *Bivens* cause of action cannot be brought against federal agency); *Govea v. ATF*, 207 Fed.Appx. 369, 2006 WL 3147324 (5th Cir. 2006) (unpublished per curiam) (same).

To maintain a *Bivens* claim against a defendant in his individual capacity, Plaintiff must allege facts demonstrating that he caused her to suffer a deprivation of a right or interest protected by the Constitution. *Cronn v. Buffington,* 150 F.3d 538, 544 (5th Cir.1998).

Plaintiff alleges that Marshal Spigelmyer, failed to attend or assist her while she existed the transport van in full restraints. (*See* Answer to Question 3 at attached page 1-2). She explains that, while Spigelmeyer was standing by the van door, he was talking on his cell phone and was not paying attention if her shackles would became caught in the steps. (*Id* at 1). Plaintiff explains: "[D]efendant(s) had a duty of care to me while in their care; the defendant(s) breached that duty by being on the phone; and I was injured as a result of that breach." (*Id.* at 1).

Even when liberally construed in accordance with her *pro se* status, the above assertion alleges nothing more than negligence on the part of Marshal Spigelmyer. It is well established that negligence is not actionable under *Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986) (holding negligence is not cognizable under § 1983); *Humphries v. Various Federal USINS Employees,* 164 F.3d 936, 951 (5th Cir. 1999) (in order to prevail in any *Bivens* action, [claimants] must both prove a deliberate abuse of governmental power rather than mere negligence, ... and overcome the defense of qualified immunity).

In answer to the questionnaire, Plaintiff cites numerous conditions of confinement cases to support a constitutional claim against Spigelmyer. *See e.g.*, *Simmons v. Cook*, 154 F.3d 805, 808 (5th Cir. 1998) (corrections officials responsible for placing paraplegic inmates in solitary confinement violated inmates' Eighth Amendment right to be free from cruel and unusual punishment, because inmates did not receive adequate food or medical care while in solitary confinement, and conditions of inmates and of cells that resulted in inadequate food and care

5

were obvious and apparent to any layperson); *McCord v. Maggio*, 927 F.2d 844 (5th Cir. 1991) (prisoner's Eighth Amendment rights were violated by his repeatedly having to sleep and live in sewage and foul water).

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement guided by "contemporary standards of decency." Plaintiff's single slip and fall incident does not allege, by any stretch of the imagination, a constitutional conditions of confinement claim. As noted in *Daniels v. Williams*, 474 U.S. 327, 333, 106 S. Ct. 662, 666 (1986), [w]here a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is *constitutionally* required." (Emphasis in original). In *Daniels*, as in this case, an inmate had brought a civil rights action against a deputy sheriff to recover for injuries sustained when he slipped and fell. *Id.* at 328, 106 S. Ct. at 663. Therefore, Plaintiff's *Bivens* claim against Marshal Spigelmyer lacks an arguable basis in law and should be dismissed as frivolous.[4]

Plaintiff also seeks to sue the Mansfield Law Enforcement Center, where the alleged slip and fall occurred. She alleges no basis for liability against the Mansfield Law Enforcement Center, which appears to be nothing more than a city jail. Nevertheless, insofar as she is seeking to bring a civil rights claim under 42 U.S.C. § 1983, her claim against the Mansfield Law Enforcement Center would be subject to dismissal at the screening stage. It is settled that a plaintiff may not bring a civil rights claim against a servient political agency or department

---

[4] In answer to the questionnaire, Plaintiff cites *Derrow v. Durham*, 444 F.2d 152 (5th Cir. 1971), a diversity action brought pursuant to the Mississippi Wrongful Death Act, which presented only state law negligence claims rather than claims of intentional violations of constitutional rights.

unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* Plaintiff's complaint fails to plead whether the Mansfield Law Enforcement Center has ever been granted the capacity to sue or be sued.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against the United States and the United States Marshal Service be DISMISSED for want of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that Plaintiff's claims against Marshal Spigelmyer and the Mansfield Law Enforcement Center be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of November, 2008.

*[signature: Wm. F. Sanderson Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.